1  Julie R. Trotter, Bar No. 209675
   jtrotter@calljensen.com
2  Michael S. Orr, Bar No. 196844
   msorr@calljensen.com
3  CALL & JENSEN
4  A Professional Corporation
   610 Newport Center Drive, Suite 700
5  Newport Beach, CA  92660
   Tel:   (949) 717-3000
6

7  Attorneys for Defendants Amidron Energy, LLC dba
   76 #37997, HMR Associates 1, LLC, 7-Eleven, Inc.,
8  and AIT Venture Inc.

9

10                    **UNITED STATES DISTRICT COURT**

11                    **NORTHERN DISTRICT OF CALIFORNIA**

12

| 13  GERARDO HERNANDEZ,                              | Case No.  5:21-cv-01011-EJD                                              |
|----|-----------------------------------------------------|--------------------------------------------------------------------------|
| 14 |              Plaintiff,                             | **DEFENDANTS' NOTICE OF CROSS-MOTION AND CROSS-MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| 15 |                                                     |                                                                          |
| 16 |        vs.                                          |                                                                          |
| 17 | AMIDRON ENERGY, LLC dba 76 #37997; HMR ASSOCIATES 1, LLC; 7-ELEVEN, INC.; AIT VENTURE INC.; |                                                                          |
| 18 |                                                     |                                                                          |
| 19 |              Defendants.                            | Date:  September 21, 2023                                                |
| 20 |                                                     | Time:  9:00 a.m.                                                         |
|    |                                                     | Ctrm:  4                                                                 |
| 21 |                                                     |                                                                          |
| 22 |                                                     | Hon. Edward J. Davila                                                    |
| 23 |                                                     | Complaint Filed:  February 9, 2021                                       |
| 24 |                                                     | FAC Filed:  October 28, 2021                                             |
| 25 |                                                     | SAC Filed:  March 29, 2022                                               |
|    |                                                     | Trial Date:  None Set                                                    |

26

27

28

SEV07-92:8-11-23

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 21, 2023 at 9:00 a.m., or as soon thereafter as the matter may be heard in the above-entitled court, before the Honorable Edward J. Davila in Courtroom 4, located at 280 South 1st Street, San Jose, California, Defendants Amidron Energy, LLC dba 76 #37997, HMR Associates 1, LLC, 7-Eleven, Inc., and AIT Venture Inc. ("Defendants") will and hereby does move the Court, pursuant to Federal Rules of Civil Procedure 56, for an order granting summary judgment, or in the alternative, partial summary judgment, against Plaintiff Gerardo Hernandez's ("Plaintiff") Complaint.

GROUNDS FOR MOTION: This motion is made on the grounds that the Court lacks Subject Matter jurisdiction over Plaintiff's federal claim and Plaintiff cannot establish his entitlement to damages under California law. Plaintiff never suffered an injury-in-fact, there is not threat of future injury to Plaintiff, and there is nothing for the Court to enjoin.

BASIS OF MOTION: This motion is based on this Notice of Motion and Motion, the Points and Authorities submitted herein, the declarations submitted in support of Motion, the Court's file in this action, and such further arguments and papers that may be presented to the Court before or during the hearing.

Dated: August 11, 2023

CALL & JENSEN
A Professional Corporation
Julie R. Trotter
Michael S. Orr

By: */s/ Michael S. Orr*
      Michael S. Orr

Attorneys for Defendants Amidron Energy, LLC dba 76 #37997, HMR Associates 1, LLC, 7-Eleven, Inc., and AIT Venture Inc.

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..........................................................................................................1

II. FACTUAL BACKGROUND..........................................................................................2

III. LEGAL STANDARDS ..................................................................................................3

IV. PLAINTIFF LACKS STANDING TO PURSUE HIS INJUNCTIVE CLAIMS UNDER ADA AND HSC ....................................................4

    A. Plaintiff Never Suffered An Injury-In-Fact And Never Suffered Discrimination Caused By Defendants .............................................5

    B. Neither Plaintiff's Complaint, Nor Sworn Statements, Establish A Threat Of Future Injury To Plaintiff..........................................5

V. PLAINTIFF CANNOT ESTABLISH THAT THERE IS ANYTHING FOR THE COURT TO ENJOIN.................................................................7

VI. PLAINTIFF CANNOT ESTABLISH ENTITLEMENT TO CALIFORNIA STATUTORY DAMAGES ..................................................................8

VII. IF THE COURT DOES NOT GRANT FULL SUMMARY JUDGMENT TO DEFENDANTs ON ALL CLAIMS, IT SHOULD DECLINE TO EXERCISE JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS ..................................................................9

VIII. CONCLUSION.............................................................................................................11

# TABLE OF AUTHORITIES

Page

Federal Cases

*Acri v. Varian Associates, Inc.*,
　114 F.3d 999 (9th Cir. 1997)..................................................................................................9

*Arroyo v. Rosas*,
　19 F.4th 1202 (9th Cir. 2021) ...............................................................................................10

*Bernhardt v. County of Los Angeles*,
　279 F.3d 862 (9th Cir. 2002)..................................................................................................4

*Bird v. Lewis & Clark College*,
　303 F.3d 1015 (9th Cir. 2002)................................................................................................5

*Carnegie-Mellon Univ. v. Cohill*,
　484 U.S. 343 (1988) ...............................................................................................................9

*Celotex Corp. v. Catrett*,
　477 U.S. 317 (1986) ...............................................................................................................3

*Chapman v. Pier 1 Imports*,
　631 F3d 939 (9th Cir. 2011).............................................................................................. 5, 6

*City of Los Angeles v. Lyons*,
　461 U.S. 95 (1983) ...................................................................................................... 4, 5, 6, 7

*Estrada v. Gold Key Dev., Inc.*,
　No. 18-CV-03859-SJO, 2019 WL 4238891 (C.D. Cal. May 1, 2019).........................9

*Friends of the Earth, Inc. v. Laidlaw Environmental Servs.*,
　528 U.S. 167 (2000) ...............................................................................................................7

*Garcia v. Dudum*,
　No. 21-CV-05081-SI, 2022 WL 958377 (N.D. Cal. Mar. 30, 2022) .......................10

*Gini v. Las Vegas Metropolitan Police Dept.*,
　40 F.3d 1041 (9th Cir. 1994)..................................................................................................9

# TABLE OF AUTHORITIES (cont'd)

Page

*Griffin v. Dugger*,
  823 F.2d 1476 (11 Cir. 1987) .................................................................................................. 4

*Loskot v. Super Star, LLC*,
  2007 WL 1703645 ..................................................................................................................... 5

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) ................................................. 4, 5, 6

*Matsushita Elec. Indus. Co. v. Zenith Radio*,
  475 U.S. 574 (1986) .................................................................................................................. 4

*Oliver v. Ralphs Grocery Co.*,
  654 F.3d 903 (9th Cir. 2011) .................................................................................................... 4

*Org. for Advancement of Minorities with Disabilities v. Brick Oven Rest.*,
  406 F. Supp. 2d 1120 (S.D. Cal. 2005) .................................................................................. 10

*Parr v. L & L Drive-Inn Restaurant*,
  96 F. Supp. 2d 1065 .................................................................................................................. 7

*Pickern v. Holiday Quality Foods Incorporated*,
  293 F.3d 1133 (9th Cir. 2002) .................................................................................................. 6

*Velez v. Il Fornanio (Am.) Corp.*,
  No. 18-CV-1840-CAB-MDD, 2018 WL 6446169 (S.D. Cal. Dec. 10, 2018) ................... 10

*Whitaker v. Ben Bridge-Jeweler, Inc.*,
  No. 5:21-CV-00808-EJD, 2022 WL 824232 (N.D. Cal. Mar. 18, 2022) .......................... 10

**Federal Statutes**

28 U.S.C. § 1367(c) ........................................................................................................................ 9

48 U.S.C. § 12182(b)(2)(A)(iv) ..................................................................................................... 7

42 U.S.C. § 12188(a) ..................................................................................................................... 7

SEV07-92:8-11-23                                            - iii -
DEFENDANTS' NOTICE OF CROSS-MOTION AND CROSS-MOTION FOR SUMMARY JUDGMENT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# TABLE OF AUTHORITIES (cont'd)

Page

### State Statutes

Article III of the Constitution ........................................................................................... 4

Cal. Civ. Code § 52(c)(3) ................................................................................................. 7

Cal. Civ. Code § 55.56(c) ................................................................................................ 8

### Federal Rules

Fed. R. Civ. Proc. 12(h)(3) ............................................................................................... 4

Fed. R. Civ. Proc. 56 ........................................................................................................ 2

Fed. R. Civ. Proc. 56(c) ................................................................................................... 3

Fed. R. Civ. Proc. 56(e) ................................................................................................ 3, 4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This lawsuit demonstrates the problem with a serial litigant visiting businesses for the purpose of litigation with no actual interest in obtaining access to the business' goods and/or services. Plaintiff ends up with no standing and demanding accommodations that have always been offered.

This is one of the more than 50 accessibility lawsuits filed by Plaintiff Gerardo Hernandez ("Plaintiff") since approximately 2015. (Docket 52-2 Declaration of Michael S. Orr ["Orr Decl."] ¶5, Ex. D [Deposition of Gerardo Hernandez ("Hernandez Depo.")] @ 27:3-9, 28:5-12, 74:23-75:14). According to Plaintiff, he primarily targets gas stations for his lawsuits. (Id.) However, Plaintiff cannot establish standing to pursue any claim against the property at issue here; 705 San Antonio Road in Palo Alto, California ("Property"). As an initial matter, Plaintiff's operative pleading fails invoke the Court's jurisdiction as it fails to factually allege Plaintiff's intent to return to the Property. On this basis alone, Plaintiff's Complaint should be dismissed. Similarly, in his declaration submitted to this Court in support of his Motion for Summary Judgment, and at deposition, Plaintiff admits he has no concrete plans to return to this Property. Plaintiff simply claims he may return someday if he happens to be in the area, and if he happens to need gas. Plaintiff fails to invoke the Court's subject matter jurisdiction over his claims.

In addition, Defendants are entitled to summary judgment because Plaintiff lacks standing to pursue any injunctive claims relating to the Property. Plaintiff's deposition testimony and discovery responses conclusively establish that he personally did not encounter any barriers when he made his purported single visit to the Property. Plaintiff never got out of the car, and never had any intention of getting out of the car. Because he was with other people, it was always the intention that others would handle the purchase transaction. Simply put, Plaintiff did not encounter any barrier that impacted his use or enjoyment of the goods and services offered at the Property.

Finally, had Plaintiff needed to purchase gas, or other items at the Property, a store employee would have helped transact his business.

## II. FACTUAL BACKGROUND

Plaintiff has purportedly visited the Property one time. (Orr Decl. ¶5, Ex. D [Hernandez Depo.] @ 53:7-8). Plaintiff had no particular reason for visiting this specific gas station on the day in question as he does not select were to purchase gas based upon gas price or product offerings. (Orr Decl. ¶5, Ex. D [Hernandez Depo.] @ 52:25-53:6, 53:19-22, 54:9-15). Instead, Plaintiff randomly determines where to purchase gas based upon, "just basically where - - wherever I land." (Id.) Plaintiff subsequently presented a contradictory declaration to this Court claiming he frequents stations that he knew were accessible. However, at deposition confirmed there were other accessible stations in the area that he had previously patronized. (Orr Dec., ¶5, Ex. D [Hernandez Depo.] @ 54:3-8). Rather than visit one of these known accessible locations, Plaintiff randomly elected to visit the station at issue and file a lawsuit.

According to Plaintiff, on the day of his visit: "I pulled up, and I was with my mom and my girlfriend. So she - - my mom got off, and she - - she paid. Had I been alone, you know, I would've - - I would've done it myself. But at the time, I was with other people. So my mom got off to pay." (Orr Dec., ¶5, Ex. D [Hernandez Depo.] @ 57:20-58:8). When pressed, Plaintiff admitted that barriers were not the reason his mom paid. According to Plaintiff, "She -- got off. There was no -- no reason behind it." (Id.) Plaintiff unequivocally conceded that he would have made the purchase that day only been alone and that it was only "**later that day is when I realized** that even had I -- gotten off, it was going to be difficult because of the concrete step that was in the way." (Orr Dec., ¶5, Ex. D [Hernandez Depo.] @ 57:20-58:8). Plaintiff's testimony unequivocally establishes that he personally never encountered any barrier at the Property and thus he never suffered discrimination. Only after leaving the location did Plaintiff question whether he would have difficulty if he ever returned. Had

Plaintiff sought to make a purchase himself on the day of his visit, or had he returned to make a purchase, he would have learned that policies and practices were in place that would have allowed him full access to the Property's goods and services.

On the date of Plaintiff's alleged visit to the Property, the site was operated by Amidron Energy, LLC dba 76 #37997 ("Amidron"). At the time of his visit, Amidron's policy and practice was to assist any disabled customers with any aspect of their visit to the store. (Orr Decl ¶4, Ex. C [Deposition of Michael Amidi, PMK for Amidron Energy ("Amidi Depo.")] at 20:20-21:23; ¶6, Ex. E [Deposition of Preet Singh ("Singh Depo.")] at 39:14-21, 40:22-41:25, 48:11-18 & 51:13-52:16). Since his visit, the operator of the Property has changed to AIT; another independent contractor. (Orr Dec. ¶2, Ex. A [Martinez Depo.] @ 9:22-10:4). AIT also has a policy and practice of providing assistance to any disabled customers with any aspect of their visit to the store. (Orr Decl., ¶3, Ex. B [Deposition of Issa Tadros ("Tadros Depo.")] @ 25:8-22 & 27:20-29:12). The goods and services offered at the Property have always been accessible to Plaintiff.

### III.   LEGAL STANDARDS

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Specifically, Federal Rule of Civil Procedure 56(c) "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial. *Id*. at 322. The party opposing a motion for summary judgment may not simply generally deny the moving party's allegations. Rather, it must designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. Proc. 56(e). The non-moving party must show more than a

1  "metaphysical doubt" as to the material facts. *Id*. (Citing *Matsushita Elec. Indus. Co.
2  v. Zenith Radio*, 475 U.S. 574 (1986).) Here, the undisputed facts demonstrate Plaintiff
3  lacks standing to pursue any federal or state injunctive claims.

4  Here, as the party invoking federal jurisdiction, Plaintiff bears the burden of
5  establishing standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct.
6  2130, 119 L.Ed.2d 351 (1992). Absent this demonstration, Plaintiff cannot satisfy the
7  "case or controversy" requirement of Article III of the Constitution and the Court is
8  "powerless to hear his grievance." *Griffin v. Dugger*, 823 F.2d 1476, 1483 (11 Cir.
9  1987). "The 'irreducible constitutional minimum of standing' includes three elements:
10 (1) injury in fact; (2) causation; and (3) redressability. *See Lujan v. Defenders of
11 Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). *Oliver v.
12 Ralphs Grocery Co.,* 654 F.3d 903, 907 (9th Cir. 2011). Plaintiff cannot establish any
13 of these elements.

## IV. PLAINTIFF LACKS STANDING TO PURSUE HIS INJUNCTIVE CLAIMS UNDER ADA AND HSC

"It goes without saying that those who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirements imposed by Article III of the Constitution by alleging an actual case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). Because it is jurisdictional, courts are required to evaluate standing, *sua sponte*, and dismiss an action if at any time it finds it lacks subject-matter jurisdiction. *See Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002) and Fed. R. Civ. P. 12(h)(3). The Court lacks jurisdiction here because plaintiff has not suffered any injury-in-fact and there is no threat of future harm to Plaintiff.

/ / /

/ / /

/ / /

### A. Plaintiff Never Suffered An Injury-In-Fact And Never Suffered Discrimination Caused By Defendants

To meet the injury-in-fact requirement for standing, "the party seeking review [must] be himself among the injured." *Lujan,* 504 U.S. at 560. Thus, as a threshold matter, Plaintiff must establish that he was injured by showing that he "encountered a barrier" that prevented him from full and equal enjoyment of the facility. *Chapman v. Pier 1 Imports,* 631 F3d 939, 947 (9th Cir. 2011). Plaintiff cannot make this showing. In discovery, Plaintiff confirmed that he did not encounter any accessibility issues at the Property during his visit. Plaintiff never had any intention of leaving his vehicle to purchase gas; simply because she was with him, his mom performed the entire fueling transaction. (Orr Dec., ¶5, Ex. D [Hernandez Depo.] @ 57:20-58:8) Only after he left the facility, did Plaintiff realize he possibly could have encountered accessibility issues had he wanted to obtain the gas on his own. (Orr Dec., ¶5, Ex. D [Hernandez Depo.] @ 57:20-58:8). Plaintiff's admissions establish that at the time of his visit, no barriers "deprive[d] him of full and equal enjoyment of the facility due to his particular disability." *Chapman v. Pier 1 Imports,* 631 F3d 939, 944 (9th Cir. 2011).

Having suffered no injury-in-fact, Plaintiff cannot establish that Defendants caused him any injury. As a result, Plaintiff's injunctive claims should be dismissed.

### B. Neither Plaintiff's Complaint, Nor Sworn Statements, Establish A Threat Of Future Injury To Plaintiff

A claimed "exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983). Plaintiff is required to prove "that there is a 'real or immediate threat' that the defendant will again subject him to discrimination." *Loskot v. Super Star, LLC,* 2007 WL 1703645, *2 (N.D. Cal. 2007) (quoting *Bird v. Lewis & Clark College,* 303 F.3d 1015, 1019 (9th Cir. 2002). Plaintiff must prove his injuries are

"concrete and particularized" and "actual or imminent." *Pickern v. Holiday Quality Foods Incorporated,* 293 F.3d 1133, 1137-38 (9th Cir. 2002).  Thus, Plaintiff must prove that he would return to the station in the future but for the barriers.  (*See Chapman v. Pier 1 Imports* 631 F.3d 939, 950 (9th Cir 2011).

Plaintiff's operative complaint merely avers that he "lives less than twenty miles from the Facility" and that he "enjoys the goods and services offered at the Facility, and will return to the Facility once the barriers are removed." (Document 28, ¶¶10 & 12). Nothing more is pled as to why, or when, he will visit the Property again.  Similarly, the declaration submitted by Plaintiff in support of his Motion for Summary Judgment fails to provide much more.  Reduced to what is actually asserted, Plaintiff's claim is that he may find himself in the area some day and he may again visit the Property if he happens to need something.

To invoke standing, Plaintiff must establish that future injury is "actual or imminent, not 'conjectural' or 'hypothetical.' " *Whitmore, supra,* 495 U.S., at 155, 110 S.Ct., at 1723 (quoting *City of Los Angeles v. Lyons,* 461 U.S. 95, 102, 103 S.Ct. 1660, 1665, 75 L.Ed.2d 675 (1983)).  Plaintiff must present evidence that it is "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision." *Id.,* at 38, 43, 96 S.Ct., at 1924, 1926).  "[A] mere profession of intent to return 'someday' is 'simply not enough' to confer standing." *Pickern v. Holiday Quality Foods Incorporated,* 293 F.3d 1133, 1137-38 (9th Cir. 2002) (quoting *Lujan,* 504 U.S. at 564 n. 2).  In both his complaint and declaration, Plaintiff fails to clear this jurisdictional hurdle.  Plaintiff cannot establish that he will return to the station or that if he does, he will encounter any barrier to his access

/ / /

/ / /

/ / /

## V. PLAINTIFF CANNOT ESTABLISH THAT THERE IS ANYTHING FOR THE COURT TO ENJOIN

The only remedy available for a violation of the ADA under a private right of action is injunctive relief. 42 U.S.C. § 12188(a); *see also Parr v. L & L Drive-Inn Restaurant*, 96 F. Supp. 2d 1065, 1086 ("injunctive relief is an available remedy for violations of 48 U.S.C.] section 12182(b)(2)(A)(iv)"). An injunction is also available under the Unruh Civil Rights Act. Cal. Civ. Code § 52(c)(3). However, if there is nothing to enjoin, then the ADA and Unruh Act claims are rendered moot because there is nothing for the court to order the defendants to change. *Friends of the Earth, Inc. v. Laidlaw Environmental Servs.*, 528 U.S. 167, 190 (2000) (claims for injunctive relief are moot if "the allegedly wrongful behavior could not reasonably be expected to occur."); *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). As illustrated by the Parr court,

> "[i]f an ADA 'plaintiff[] [has] already . . . received everything to which [he or she] would have been entitled, i.e., the challenged conditions have been remedied, then these particular claims are moot absent any basis for concluding that [this] plaintiff will again be subjected to the same wrongful conduct by this defendant.'"

*Parr*, 96 F. Supp. 2d at 1087 (citation omitted); *see also Lyons*, 461 U.S. at 102 ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, adverse effects."). Here, Plaintiff did not encounter any wrongful conduct. Had he made the simplest of efforts, he would have learned that the operators of the Property were always providing the services he now demands.

According to technical assistance information provided by the United States Department of Justice Civil Rights Division, "If necessary to provide access, gas stations must –

- Provide refueling assistance upon the request of an individual with a disability. A service station or convenience store <u>is not required</u> to provide such service at

any time that it is operating on a remote control basis <u>with a single employee</u>, but is encouraged to do so, if feasible.

- Let patrons know (e.g., through appropriate signs) that customers with disabilities can obtain refueling assistance by either honking or otherwise signaling an employee.
- Provide the refueling assistance without any charge beyond the self-serve price.

[ADA: Assistance at Self-Serve Gas Stations](#)

Both the past and present operators of the Property comply with this DOJ advisory. Despite only employing a single attendant at any given time at the property, each operator offered assistance. Amidron provided assistance to disabled customers upon request (Orr Decl. ¶6, Ex. E [Singh Depo.] @ 39:14-21, 46:24-47:2) and provided signage indicating that such assistance was available. (Id. @ 49:10-17). Likewise, AIT provides assistance to disabled customers, upon request, and has signage informing its customers that such assistance is available. (Docket 56-10 Declaration of Sherri Blanco ¶¶2 & 3). Further, each pump has an International Symbol of Accessibility icon with call button that allows a patron to press a button to obtain assistance. (Id. ¶4).

The relief demanded by Plaintiff is not required under the ADA, but the operators have always provided such assistance to disabled patrons upon request. There is simply nothing for the Court to enjoin.

## VI. PLAINTIFF CANNOT ESTABLISH ENTITLEMENT TO CALIFORNIA STATUTORY DAMAGES

To recover damages under California law, Plaintiff is required to prove that when he visited the Property, he encountered barriers to his access that caused him difficulty, embarrassment, or frustration. Cal. Civil Code § 55.56(c). Plaintiff cannot make this showing. Plaintiff admits, "I pulled up, and I was with my mom and my girlfriend. So she - - my mom got off, and she - - she paid. Had I been alone, you know, I would've - - I would've done it myself. But at the time, I was with other people. So my mom got

off to pay." (Orr Dec., ¶5, Ex. D [Hernandez Depo.] @ 57:20-58:8) Plaintiff unequivocally states that during his visit, he never encountered, or even realized there could be, barriers at the Property that could impact his visit. Thus, Plaintiff cannot demonstrate difficulty, embarrassment, or frustration. Under California law, Plaintiff is not entitled to recover damages for his alleged visit to the Property.

## VII. IF THE COURT DOES NOT GRANT FULL SUMMARY JUDGMENT TO DEFENDANTS ON ALL CLAIMS, IT SHOULD DECLINE TO EXERCISE JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS

As noted in 28 U.S.C. Section 1367(c)(3), District Courts should decline to exercise supplemental jurisdiction over state law claims after dismissing the federal claim. *See Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (en banc). Because primary responsibility for developing and applying state law rests with state courts, district courts should usually decline to exercise supplemental jurisdiction over state law claims when all federal claims are dismissed before trial. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *Gini v. Las Vegas Metropolitan Police Dept.*, 40 F.3d 1041, 1046 (9th Cir. 1994).

Under § 1367(c), the district court should "decline supplemental jurisdiction over a claim" if:

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Here, Plaintiff's Unruh Act claim should be dismissed.

First, Plaintiff's state law claim, which provides both injunctive relief and monetary relief, "substantially predominates" over his ADA claim which only provides for injunctive relief. *Estrada v. Gold Key Dev., Inc.*, No. 18-CV-03859-SJO, 2019 WL

4238891, at *5 (C.D. Cal. May 1, 2019) ("[F]ederal courts often have concluded that the Unruh Act claim for money damages predominates over the federal ADA claim for injunctive relief, and that federal courts are well within their rights to dismiss Unruh claims for lack of jurisdiction.").

Secondly, comity favors declining to exercise supplemental jurisdiction. "California adopted heightened pleading requirements for disability discrimination lawsuits under the Unruh Act." *Velez v. Il Fornanio (Am.) Corp.*, No. 18-CV-1840-CAB-MDD, 2018 WL 6446169, at *6 (S.D. Cal. Dec. 10, 2018). These heightened Unruh Act pleading standards do not exist at the federal level, which enable plaintiffs to evade California's heightened pleading requirements by asserting an ADA claim and suing in federal court. Numerous 9th District Courts—including this Court—have found that "[r]etaining supplemental jurisdiction over such an Unruh Act claim after the ADA claim was dismissed as moot would enable precisely the 'significant adverse impact on federal-state comity' the Ninth Circuit warned about" by enabling plaintiffs to circumvent the heightened pleading standard. *Garcia v. Dudum*, No. 21-CV-05081-SI, 2022 WL 958377, at *4 (N.D. Cal. Mar. 30, 2022) (quoting *Arroyo v. Rosas*, 19 F.4th 1202, 1211 (9th Cir. 2021)); *see also Whitaker v. Ben Bridge-Jeweler, Inc.*, No. 5:21-CV-00808-EJD, 2022 WL 824232, at *3 (N.D. Cal. Mar. 18, 2022) (declining to exercise supplemental jurisdiction over plaintiff's Unruh Act claim, in part, to prevent plaintiff from circumventing heightened pleading standards); *Org. for Advancement of Minorities with Disabilities v. Brick Oven Rest.*, 406 F. Supp. 2d 1120, 1132 (S.D. Cal. 2005).

The Court's dismissal of Plaintiff's federal claim should result in the dismissal of Plaintiff's state law claim.

/ / /

/ / /

/ / /

## VIII. CONCLUSION

Plaintiff lacks standing to pursue any claim against Defendants as Plaintiff never suffered any injury-in-fact and there is no threat of future harm to Plaintiff. Further, despite only having one employee on duty at a time, every operator offered assistance to its customers in the event such assistance was needed to obtain its goods or services. Because Plaintiff lacks standing, and because there is nothing for the Court to enjoin, the Court should dismiss Plaintiff's federal claim. In addition, because he suffered no injury, Plaintiff is not entitled to recover damages under California law. Defendants are entitled to judgment as a matter of law.

Dated: August 11, 2023

CALL & JENSEN
A Professional Corporation
Julie R. Trotter
Michael S. Orr

By: /s/ Michael S. Orr
    Michael S. Orr

Attorneys for Defendants Amidron Energy, LLC dba 76 #37997, HMR Associates 1, LLC, 7-Eleven, Inc., and AIT Venture Inc.